UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                    :
JUNIOUS NIELSEN,                                    :
                                                    :
                              Plaintiff,            :
                                                    :          23-CV-5620 (VSB)
              - against -                           :
                                                    :          **OPINION & ORDER**
                                                    :
WALMART INC.,                                       :
                                                    :
                              Defendant.            :
                                                    :
---------------------------------------------------------X

Appearances:

Junious Nielsen
*Pro se* Plaintiff

Salvador Pedro Simao
Eric Tadeusz Baginski
Contangy, Brooks, Smith & Prophete LLP
Warren, NJ
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Before me are the motion to dismiss or transfer venue, (Doc. 11 ("Motion to Dismiss or

Transfer")), filed by Defendant Walmart, Inc. ("Walmart" or "Defendant"), and the motion for

summary judgment, (Doc. 21), filed by Plaintiff Junious Nielsen ("Nielsen" or "Plaintiff").

Because I find that venue is best suited in the Western District of New York, Plaintiff's request

to transfer the case is GRANTED, and I decline to reach the merits of the pending motion to

dismiss and motion for summary judgment.

## I.      <u>Factual Background</u>

Plaintiff was employed at a Walmart store located in Greece, New York.  (Doc. 1 at 5.)

Plaintiff asserts that Defendant violated his rights under the Uniformed Services Employment

and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 *et seq*.  (*Id*.)

According to Plaintiff, he (1) was not given proper short-term leave pay between December 2014

and December 2015, (2) was fired within one year of his "deployments, drill weekends, [and]

inactive/active service obligations," and (3) "was fired due to [his] military service obligations."

(*Id.*)

## II.      <u>Procedural History</u>

Plaintiff initiated this case by filing the Complaint on June 30, 2023.  (Doc. 1.)  On

August 2, 2023, Defendant filed the Motion to Dismiss or Transfer, (Doc. 11), along with an

affidavit in support, (Doc. 12).  On August 14, 2023, Plaintiff filed a declaration in opposition to

the Motion to Dismiss or Transfer.[1]  (Doc. 16.)  On August 21, 2023, Defendant filed a reply

memorandum in support of its Motion to Dismiss or Transfer.  (Doc. 20.)

On August 21, 2023, Plaintiff filed a motion for summary judgment, (Doc. 21), and

declaration in support, (Doc. 22).[2]  On September 5, 2023, Defendant filed an opposition to

Plaintiff's motion for summary judgment, (Doc. 23), along with a statement of material facts,

(Doc. 24), and two declarations in opposition, (Docs. 25–26).  To date, Plaintiff has not filed a

reply in support of his motion for summary judgment, nor has he sought additional time to do so.

---

[1] Curiously, Plaintiff re-filed the same declaration in opposition to the Motion to Dismiss on August 18, 2023.  (Doc. 19.)

[2] I note that Plaintiff did not file a statement of material facts pursuant to Local Rule 56.1.  (*See* Docs 2122 (motion for summary judgment and declaration in support).)

### III.   **Legal Standard**[3]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).  In deciding whether this standard has been met, courts in the Second Circuit consider all materials they find compelling and do not restrict their evaluations to materials that would satisfy the admissibility requirements of the Federal Rules of Evidence.  *See, e.g.*, *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617–18 (S.D.N.Y. 2016) (looking to representations made in attorneys' letters as to location of witnesses); *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879 (JPC) (SN), 2021 WL 2269552, at *5 (S.D.N.Y. June 3, 2021) (rejecting argument that a transfer analysis should not credit assertions made in a memorandum of law); *Alpha Indus., Inc. v. Alpha Clothing Co.*, 21 Civ. 87 (KPF), 2021 WL 2688722, at *4 (S.D.N.Y. June 30, 2021) (crediting attorney declarations and memoranda of law in granting motion to transfer).

To determine whether transfer is warranted, a district court engages in a two-step inquiry. *Enigma*, 260 F. Supp. 3d at 407.  "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court.  Second, the court must

---

[3] Because I find that the case is to be transferred to the Western District of New York, I do not discuss the legal standards for the pending motion to dismiss and motion for summary judgment.

evaluate . . . several factors relating to the convenience of transfer and the interests of justice."

*In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal

quotation marks and citations omitted).  These factors include:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location
> of relevant documents and the relative ease of access to sources of proof; (4) the
> locus of operative facts; (5) the availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity
> with the governing law; (8) the weight accorded the plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the
> circumstances.

*Ahrens v. CTI Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May

19, 2016) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597,

at *4 (S.D.N.Y. Oct. 28, 2011)).

### IV.    Discussion

"Where district courts are presented with both a motion to dismiss, under Fed. R. Civ. P.

12(b)(6), and a motion to transfer venue, under 28 U.S.C. § 1404(a), they commonly address the

venue motion first, and, where transfer is appropriate, leave the motion to dismiss to be decided

by the transferee court."  *Schweitzer v. Nevels*, No. 22-CV-6435 (KHP), 2023 WL 2970899, at

*3 (S.D.N.Y. Apr. 17, 2023) (internal quotation marks omitted).  Accordingly, I begin my

analysis with the request to transfer venue.

In the Motion to Dismiss or Transfer, Defendant asserts that "this Court should transfer

this matter to the Western District of New York because all the operative facts occurred in the

Western District of New York; and none of the events at issue occurred in this district.  No party,

witness, or evidence is in this district."  (Doc. 11 at 1–2.)  In opposition, Plaintiff states that

"venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) because Walmart maintains

business in this judicial district."  (Doc. 16 at 2.)

Although Plaintiff is correct that "[i]n the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business," 38 U.S.C. § 4323(c)(2), I do not find that this District is the best venue to maintain this action.  As Defendant explains, most of the relevant factors weigh in favor of transferring this matter to the Western District of New York.  For instance, Plaintiff and potential witnesses reside in the Western District of New York.  (Doc. 12 ¶¶ 5–11.)  Moreover, the facts giving rise to this suit—Plaintiff's employment relationship with Walmart— occurred in the Western District of New York.  (Doc. 1 at 4–5.)  Defendant has established that the Western District of New York is best suited to adjudicate this case, and Plaintiff fails to offer any explanation why venue is more appropriate in this District.  Therefore, Defendant's Motion to Dismiss or Transfer is GRANTED as to the request to transfer, but I decline to reach the request to dismiss the case and Plaintiff's motion for summary judgment.

## V.  <u>Conclusion</u>

For the foregoing reasons, Defendant's motion to transfer venue is GRANTED.  Having concluded that the matter should be transferred, I decline to rule on the motion to dismiss or Plaintiff's motion for summary judgment.  *See Morales v. Next Stop 2006, Inc*., No. 1:22-CV-03311 (JLR), 2023 WL 112557, at *5 (S.D.N.Y. Jan. 5, 2023) (declining to rule on motion to dismiss when court found a transfer was in the interests of justice).  The Clerk of the Court is respectfully directed to close all open motions on the docket and transfer this case forthwith to the Western District of New York.  The seven-day waiting period set forth in Local Rule 83.1 is hereby waived so that the case may be transferred without delay.

SO ORDERED.

Dated: October 23, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge