UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUNIOUS NIELSEN,

           Plaintiff,

     v.

WALMART INC.,

           Defendant.
_____

**ORDER**

6:23-cv-06614 EAW

      On January 26, 2024, Walmart Inc. ("Walmart"), the defendant in the above-captioned matter, filed a letter advising that Junious Nielsen ("Nielsen"), the plaintiff in the above-captioned action, had filed a document containing a forged signature with the Court. (Dkt. 37). The Court thereafter scheduled an in-person status conference for February 21, 2024. (Dkt. 38). Nielsen did not appear in person on February 21, 2024, as ordered by the Court. Counsel for Walmart appeared telephonically and advised the Court that the Stipulation of Dismissal filed by Nielsen on November 7, 2023 (Dkt. 32), contains a forged signature for Salvador P. Simao ("Simao"), an attorney at Constangy Brooks Smith & Prophete, LLP, counsel for Walmart.

      Submission of a fraudulent document to the Court is an extremely serious matter. The Court "has inherent authority 'to conduct an independent investigation in order to determine whether it has been the victim of fraud.'" *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991)). If the Court determines that a fraud on the Court has occurred, it further has the inherent authority to impose sanctions, including

the "powerful sanction" of dismissal. *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 461 (S.D.N.Y. 2002); *see also Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir.1989) ("we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process—to combat those who would dare to practice unmitigated fraud upon the court itself").

Accordingly, it is hereby **ORDERED** that an appearance is scheduled in the above-captioned matter for **March 7, 2024, at 10:00 a.m**. at the United States Courthouse, 100 State Street, Rochester, New York 14620.  **This is an in-person appearance.  Nielsen and counsel for Walmart must be present in person**.  If Simao does not appear on behalf of Walmart, counsel for Walmart must bring a sworn affidavit from Simao confirming that: (1) his signature on the Notice of Dismissal filed by Nielsen is not genuine; and (2) he did not authorize Nielsen or anyone else to sign his name to the Notice of Dismissal.

**Plaintiff is cautioned that his failure to appear on March 7, 2024, may result in the imposition of sanctions, including but not limited to dismissal of the above-captioned action.**  In addition, Plaintiff has commenced a number of other lawsuits in this Court, and any potential sanctions may impact his ability to litigate those other matters.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 22, 2024
        Rochester, New York